UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL HAMMOND and <br> CARRIE HAMMOND, <br>     Plaintiffs, <br><br> v. <br><br> SB MERRILLVILLE HOSPITALITY, LLC, <br> AMIT SHAH, and REEMA SHAH, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )   CAUSE NO.: 2:16-CV-9-JD-PRC <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Verified Motion for Leave to Appear at Deposition Telephonically or by Video Conferencing [DE 18], filed on November 5, 2016. Defendant filed a response on November 21, 2016. Plaintiffs have not filed a reply, and the time to do so has passed.

On January 8, 2016, Plaintiffs filed this lawsuit in the Northern District of Indiana against Defendants alleging violations of the Fair Labor Standards Act. Plaintiffs represent that they selected this venue because the events giving rise to this action occurred while Plaintiffs were employed by Defendants in Merrillville, Indiana. According to the Complaint, Plaintiffs resided in Ohio at the time the Complaint was filed. In their motion, Plaintiffs represent that they live in Beloit, Ohio.

The allegations of the Complaint are that Michael Hammond was not paid overtime wages in the amount of $270.00 over a three-week period and that Carrie Hammond was not paid overtime wages in the amount of $900.00 over an eleven-week period. Michael Hammond alleges that he complained to the manager about the unpaid overtime wages and that his employment was subsequently terminated. Carrie Hammond alleges that, in retaliation for Michael Hammond's

complaints, Carrie Hammond's employment was terminated as well. Finally, Carrie Hammond alleges that her last paycheck was tendered on August 7, 2015, instead of July 24, 2015.

Regarding the instant motion, Plaintiffs contacted Defendants to ask that Plaintiffs' depositions be taken in Ohio where they reside through "remote means." Defendants did not agree to the request, asking that Plaintiffs appear in this district for their depositions. Plaintiffs also represent that Defendants have refused Plaintiffs' counsel the right to depose Plaintiffs, his own clients. In the instant motion, Plaintiffs ask the Court to allow them to be deposed near where Plaintiffs reside in Ohio through "remote means" and to allow Plaintiffs' counsel to take their depositions.

Federal Rule of Civil Procedure 30(b)(4) provides:

> *By Remote Means*. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

Fed. R. Civ. P. 30(b)(4). Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). One method of doing so is "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B).

Plaintiffs argue that good cause exists to permit them to be deposed by "remote means" as they reside more than 350 miles from Merrillville, Indiana. The Court notes that Beloit, Ohio, which is on the far eastern side of the State of Ohio is also 242 miles from Ft. Wayne, Indiana, which is on the far eastern side of the Northern District of Indiana near the border with Ohio and is approximately a four-hour drive from Beloit, Ohio. Thus, Plaintiffs' travel to either the Fort Wayne

Division or the Hammond Division of the Northern District of Indiana would result in Plaintiffs incurring significant expenses. Plaintiffs reason that, depending on the resolution of this case, their recoverable damages are relatively small when compared to the costs that would be incurred to attend their depositions in the Northern District of Indiana. They reason that this would have a chilling effect on aggrieved plaintiffs seeking redress under the FLSA.

In their response brief, Defendants ask that Plaintiffs' depositions occur within the Northern District of Indiana so that this Court will retain the power to resolve any dispute that may arise during the scope of the deposition. However, Federal Rule of Civil procedure 37(a)(2) provides that a "motion for an order to a *party* must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2) (emphasis added). Therefore, any dispute that may arise during Plaintiffs' depositions would be resolved by this Court.

Defendants also suggest that Plaintiffs will have to appear in Indiana for mediation pursuant to Northern District of Indiana Local Rule 16-6. However, Local Rule 16-6 governs the procedures for mediation but does not require that the parties engage in mediation.

Finally, Defendants assert that they have been attempting to set Plaintiffs' depositions over the last six months and suggest that Plaintiffs' claims of high cost are the result of their failure to mitigate their own expenses by making no effort to make themselves available for deposition in the previous six months. It is unclear how Plaintiffs could have mitigated the costs of taking their depositions in this litigation when they were already living in Ohio at the time the Complaint was filed.

The Court finds that, under all the circumstances, good cause exists for Plaintiffs' depositions to be taken "by remote means" because of the high costs that would be incurred by Plaintiffs in traveling to the Northern District of Indiana in relation to the value of their claims in this case. The Court orders that Plaintiffs' depositions be taken by video conference and not telephonically.

As for Plaintiffs' assertion that Defendants object to Plaintiffs' counsel taking Plaintiffs' depositions, the Court finds that Plaintiffs have not offered any evidence or made sufficient representations that Plaintiffs' counsel in fact noticed Plaintiffs' depositions and that Defendants objected to properly noticed depositions. Therefore, the Court denies as premature the motion as to this request.[1]

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiffs' Verified Motion for Leave to Appear at Deposition Telephonically or by Video Conferencing [DE 18]. The Court **ORDERS** that Plaintiffs may appear by video conference (but not telephonically) in or near Beloit, Ohio, for their depositions.

So ORDERED this 7th day of December, 2016.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT

---

[1] In their response brief, Defendants contend that Plaintiffs' motion concerns two different sets of depositions: those of Plaintiffs Carrie Hammond and Michael Hammond and those of Defendants Amit Shah and Reema Shah. However, nothing in Plaintiffs' motion appears to address the taking of the depositions of Amit Shah and Reema Shah. Therefore, that issue is not before the Court.